YUN YAN LIN, Petitioner,

v.

Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.

No. 07–1498–ag.

United States Court of Appeals, Second Circuit.

Oct. 5, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Grant C. Wright, New York, NY, for Petitioner.

Peter D. Keisler, Acting U.S. Attorney General, former Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Angela N. Liang, Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Yun Yan Lin, a native and citizen of China, seeks review of the March 22, 2007 order of the BIA affirming the August 23, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Yan Lin,* No. A98 354 606 (B.I.A. Mar. 22, 2007), *aff'g* No. A98 354 606 (Immig. Ct. N.Y. City Aug. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's adverse credibility determination and, without rejecting any of the IJ's grounds, emphasizes particular aspects of the decision, we "review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds, Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (*en banc*).

Here, substantial evidence supports the agency's adverse credibility determination. Both the BIA and IJ correctly noted that, while Lin testified that her father was beaten more than once by authorities who

came looking for her, the beatings were not mentioned either in Lin's asylum application or her father's letter of support. This discrepancy between Lin's testimony and the record evidence was material to her asylum claim. If credited, evidence regarding the alleged beatings would have helped establish that the Chinese government was actively searching for Lin due to her association with the underground church and that her fear of persecution was subjectively and objectively reasonable. *See Zhou Yun Zhang,* 386 F.3d at 74–78.

Lin explained that her father did not mention the beatings in his letter because he did not want Lin to know about them. She testified that she did not mention the beatings in her asylum application, which specifically asks whether family or close friends have experienced harm, because she "neglected" to do so. Although these are plausible explanations for the omissions, a reasonable fact-finder could have declined to accept them. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003). Accordingly, the agency did not err in finding that this discrepancy undermined Lin's credibility.

The BIA and IJ also pointed to the fact that Lin never testified to her alleged "blacklisting," despite including it in her asylum application, or mentioned that police had distributed her photograph in an attempt to track her down, as a friend claimed in a letter of support. These discrepancies were each material to Lin's asylum claim, and the IJ properly relied on them in making her adverse credibility finding. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–07 (2d Cir.2006) (IJ may rely upon the cumulative impact of discrepancies and omissions in rendering a credibility finding).

Finally, the IJ pointed to two instances in which Lin failed to present adequate corroborating evidence, which reasonably was available to her, in support of her testimony. First, Lin failed to provide any corroboration of her attendance at a Catholic church in New York City. Second, she provided no documentary evidence that her friend in China ever was sentenced to prison. Lin's failure adequately to corroborate her testimony bore on her credibility because the absence of corroboration rendered her unable to rehabilitate testimony that already had been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

In sum, substantial evidence in the record, considered in the aggregate, supports the agency's adverse credibility finding and the resulting determination that Lin failed to establish her eligibility for asylum. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004) ("Although the BIA did not parse the two means of establishing refugee status, its adverse credibility determination necessarily precluded finding that [the applicant] had demonstrated that he had suffered persecution in the past, and that [he] subjectively feared that he would be harmed in the future."). The agency's evaluation was not flawless, but remand is not required in this case where it can be confidently predicted that the agency would adhere to the same decision upon remand, after correcting for any flaws. *Xiao Ji Chen,* 471 F.3d at 335.

In addition, because Lin's claims for withholding of removal and CAT relief were premised on the same factual basis as her asylum claim, the adverse credibility determination necessarily precludes success on those claims as well. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have com-

pleted our review, the pending motion for a stay of removal is DENIED as moot.